**UNITED STATES of America,**
**Appellee,**

v.

**Francisco SANTANA–DIAZ,**
**Defendant–Appellant.**

**No. 03–1278.**

United States Court of Appeals,
Second Circuit.

Jan. 7, 2004.

Labe M. Richman, New York, NY, for Appellant.

Harry Sandick, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, OAKES, and KATZMANN, Circuit Judges.

## AMENDED SUMMARY ORDER

Defendant-appellant Francisco Santana–Diaz appeals from the sentence imposed as a result of his April 29, 2003 conviction, pursuant to a guilty plea, for conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. He was sentenced principally to 87 months' imprisonment, 5 years of supervised release, and a $100 special assessment.

On appeal, Santana–Diaz argues that the district court erred in calculating the appropriate guidelines range for his sentence under the United States Sentencing Guidelines ("U.S.S.G.") by (1) rejecting the Presentence Report recommendation that a two-point reduction be applied under U.S.S.G. § 3B1.2 based on appellant's minor participation in the offense; and (2) denying appellant's motion for a downward departure under U.S.S.G. § 5K2.12 based on appellant's assertion that his participation in the offense was the result of coercion and duress.

A defendant may only seek review of an otherwise final sentence if it: "(1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines or; (3) is greater than the sentence specified in the applicable guideline range ... or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable." 18 U.S.C. § 3742(a); *see also United States v. Lucas,* 17 F.3d 596, 599 (2d Cir.1994).

The Sentencing Guidelines provide that a defendant's base offense level may be reduced by two levels if the defendant was a "minor participant in any criminal activity." U.S.S.G. § 3B1.2(b). The U.S.S.G. commentary defines a "minor participant" as a participant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n. 5. A defendant has the burden of showing by a preponderance of the evidence that he was a "minor participant." *United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000). "We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Brunshtein,* 344 F.3d 91, 102 (2d Cir. 2003). The district court here concluded that Santana–Diaz was not a sufficiently minor participant primarily on the ground that he was entrusted with significant amounts of money and quantities of valuable narcotics. This finding was not clearly erroneous.

With respect to Santana–Diaz's challenge to the district court's denial of his motion for a downward departure, that decision is appealable only if the district court's refusal to depart was based on the mistaken conclusion that it lacked the discretion to depart. *See United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir. 1997). The sentencing transcript here reveals that the district court plainly understood its discretion to grant the departure if warranted and that it denied the motion after finding that Santana–Diaz had not met his burden of demonstrating his entitlement to the departure. Accordingly, this decision is not subject to our review.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.